IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Criminal Action No. 11-cr-00001-PAB-2

UNITED STATES OF AMERICA,

      Plaintiff,

v.

2. YELENA STOLYAR,

      Defendant.

_____

**ORDER**
_____

      This matter comes before the Court on the Status Report [Docket No. 87] filed by

the United States.  On March 22, 2012, the Court held a change of plea hearing in

regard to defendant Yelena Stolyar.  In order to determine whether Ms. Stolyar

understood her waiver of certain appellate rights, the Court began asking her about the

three separately identified waivers of appellate rights contained on pages 4-5 in the

plea agreement.  Ms. Stolyar told the Court that she understood the first waiver,

wherein she agreed to waive "the right to appeal any matter in connection with this

prosecution," but which included her ability nevertheless to appeal if, among other

things, the Court determined that the offense level was greater than 18.  The second

such waiver states as follows: "Except as provided above, the defendant also knowingly

and voluntarily waives the right to appeal the manner in which the sentence is

determined on grounds set forth in 18 U.S.C. § 3742 or any ground whatever."  The

reference to "the right to appeal" combined with the citation to the direct appeal statute,

18 U.S.C. § 3742, suggests that this waiver of appellate rights deals with a direct appeal.

The third waiver of the defendant's appellate rights is limited to "any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255."  Thus, this waiver is distinguished from the second waiver by, among other things, the fact that it refers to collateral attacks, as opposed to direct appeals.

The Court asked Ms. Stolyar on two occasions whether she understood the second waiver of appellate rights.  On both occasions, her attorney intervened, informing the Court that he had advised Ms. Stolyar about her waiver of rights under 28 U.S.C. § 2255.  When the Court pointed out that the third waiver, not the second waiver, dealt with § 2255, defense counsel then stated that he did not understand what the government meant by the phrase "manner in which the sentence" is determined. That phrase is found in the second waiver, but not the third.  Defense counsel confirmed that his client did not understand the phrase either.  Finding that the plea was not provident, the Court ended the hearing.

In its Status Report, the government incorrectly identifies the appellate waiver in dispute as the third waiver.  The Court did not ask whether Ms. Stolyar understood the third waiver because her attorney indicated that neither he nor Ms. Stolyar understood the second waiver and therefore the Court did not reach that issue.  As to the second waiver of appellate rights, the government indicates that it does not believe that the word "manner" is ambiguous.  Docket No. 87 at 2.

The Status Report indicates that the defendant's position is that Ms. Stolyar generally understands "the terms in the appellate waiver section of the plea

agreement." *Id.* However, the defendant's position then refers to her understanding of her waiver of appellate rights in terms of a waiver of 28 U.S.C. § 2255 rights, which, as indicated above, has nothing to do with the second waiver. The defendant's position does not demonstrate that either defense counsel or Ms. Stolyar understands the second waiver of appellate rights, which they seem to conflate with the third waiver. The Court finds that there has not been a change of understanding or position by the parties since the March 22 hearing and that, as a result, the government's request to re-set this matter for a change of plea is denied.

DATED March 23, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge