**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**JUDGE PHILIP A. BRIMMER**

**COURTROOM MINUTES**

| | |
|---|---|
| Courtroom Deputy: Kathy Preuitt-Parks | Date: August 6, 2012 |
| Court Reporter: Janet Coppock | Time: one hour |
| Probation Officer: Katrina Devine | Interpreter: n/a |

**CASE NO. 11-CR-00001-PAB-02**

| Parties | Counsel |
|---|---|
| **UNITED STATES OF AMERICA,** | Jaime Pena |
| | Tonya Andrews |
| Plaintiff, | |
| vs. | |
| **2. YELENA STOLYAR,** | Harvey Steinberg |
| Defendant. | |

**SENTENCING**

**9:05 a.m.    COURT IN SESSION**

APPEARANCES OF COUNSEL.  Defendant is present and on bond.

**ORDERED:**  The statement of facts in the Plea Agreement and the Presentence Report are not disputed by the parties and are adopted in the Court's factual findings in this case. The report is incorporated by reference as part of the Court's findings and conclusions.

Court addresses the defendant's objections to the presentence investigation report.

Argument by Mr. Steinberg.

Page Two
11-CR-00001-PAB-02
August 6, 2012

Argument by Mr. Pena.

Court states its findings.

**ORDERED:**  Defendant's objections are **SUSTAINED**.

Argument by Mr. Steinberg in support of defendant's Motion for Variance and comments addressing sentencing.

Argument by Mr. Pena and comments addressing sentencing.

Defendant addresses the Court.

Court states its findings and conclusions.

**ORDERED:**  Defendant's Motion for Variance (Doc #108) is **DENIED**.

Statement by the Court regarding defendant's offense level, criminal history level and sentencing guidelines range.

Defendant entered her plea on **March 27, 2012** to counts **One and Fifteen of the Indictment.**

**ORDERED:**  Court **ACCEPTS** the Plea Agreement.

Court considers statutory factors of 18 USC § 3553(a) in arriving at sentence.

**ORDERED:**  Defendant shall be **imprisoned** for **37** months as to counts one and fifteen, to be served concurrently.

**ORDERED:**  Upon release from imprisonment, defendant shall be placed on **supervised release** for a period of **3** years as to counts one and fifteen, to be served concurrently.

**ORDERED: Conditions** of Supervised Release that:
- (**X**) Within 72 hours of release from the custody of the Bureau of Prisons, defendant shall report in person to the probation office in the district to which the defendant is released.
- (**X**) While on supervised release, the defendant shall not commit another federal, state, or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and shall comply with the standard conditions that have been adopted by this Court.

Page Three
11-CR-00001-PAB-02
August 6, 2012

- (**X**) Defendant shall not unlawfully possess a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance.
- (**X**) Defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.
- (**X**) Mandatory drug testing provisions of 18 U.S.C. § 3583(d) are WAIVED because the presentence investigation report indicates a low risk of future substance abuse by the defendant.

**ORDERED:** **Special Condition** of Supervised Release are:
- (**X**) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the periodic payment obligations imposed pursuant to the Court's judgment and sentence.
- (**X**) As directed by the probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court ordered financial obligation in this case.
- (**X**) Any employment shall be approved in advance by the probation officer.
- (**X**) The defendant shall not engage in any business activity unless the activity is approved by the probation officer. Any approved business activity must operate under a formal, registered entity. For any approved business activity, the defendant shall provide the probation officer with the names of all business entities and their registered agents. The defendant shall not register any new business entity, foreign or domestic, without the approval of the probation officer. The defendant shall not cause or induce others to register business entities on her behalf. For any approved business activity, the defendant shall maintain business records. The defendant shall provide all requested documentation and records to the probation officer regarding any of her business activities as requested by the probation officer. The defendant shall maintain separate
personal and business finances and shall not co-mingle personal and business funds in any financial accounts, including but not limited to bank accounts and lines of credit.
- (**X**) The defendant shall document all income or compensation generated or received from any source and provide such information to the probation officer as requested.
- (**X**) The defendant shall timely file all federal and state personal and business income tax returns during the term of supervised release.
- (**X**) The defendant shall not cause or induce anyone to conduct any financial transaction on her behalf or maintain funds on her behalf.

Page Four
11-CR-00001-PAB-02
August 6, 2012

  (**X**)  The **special assessment and restitution** obligations are due immediately. Any unpaid balances upon release from incarceration shall be paid in monthly installment payments during the term of supervised release. The monthly installment payment will be calculated as at lease 10 percent of the defendant's gross monthly wages.

**ORDERED:** Defendant shall pay **$200.00** to **Crime Victim Fund** (Special Assessment), to be paid immediately.

**ORDERED:** **No fine** is imposed because defendant has no ability to pay a fine.

**ORDERED:** Defendant make restitution as follows:

| Name/Address of Victim | Amount |
|---|---|
| Centers for Medicare & Medicaid Services<br>Office of Financial Management<br>Accounting Management Group<br>Division of Accounting Operations<br>PO Box 7520<br>Baltimore, MD 21207-0520 | $498,418.07 |

**ORDERED:** Restitution shall be made jointly and severally with the following defendant:

| Name | Case Number | Amount |
|---|---|---|
| Leonid Stolyar | 11-cr-00001-PAB-02 | $498,418.07 |

**ORDERED:** Interest on restitution is **WAIVED**.

**ORDERED:** Defendant may surrender voluntarily as follows: Report to the designated institution on or before **12:00 noon, 15 days after designation by the Bureau of Prisons.**

**ORDERED:** Government's Motion to Dismiss Counts 2-14, 16-40 and 63 of the Indictment at Sentencing as to Yelena Stolyar (Doc #118) is **GRANTED.**

**ORDERED:** Defendant advised of right to appeal. Any notice of appeal must be filed within 14 days.

Page Five
11-CR-00001-PAB-02
August 6, 2012

**ORDERED:**  Defendant's request for voluntary surrender date of June 1, 2013 is **DENIED.**

**ORDERED:**  Defendant's request for a staggered prison sentence with the co-defendant is **DENIED**.

**ORDERED**:  Bond is continued.

**ORDERED:**  A copy of the presentence report shall be forwarded to the U.S. Bureau of Prisons and the U.S. Sentencing Commission.

**10:05 a.m.    COURT IN RECESS**

**Total in court time:        60 minutes**

**Hearing concluded**